IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

HALIBUT TRUST,

              Plaintiff,

    v.

BEVERLY FLOERCHINGER,

             Defendant.

Case No. 4:20-cv-00005-SLG

## ORDER RE PLAINTIFF'S MOTION TO RECUSE

Before the Court at Docket 12[1] is Plaintiff's Motion to Recuse Judge Sharon L. Gleason per 28 U.S.C. 455(a).[2] Defendant did not file any response to the motion. Plaintiff contends that the undersigned judge "has made numerous prejudicial findings against Donald A. Tangwall."[3] Plaintiff maintains that because Mr. Tangwall has supplied an affidavit in this case, "[a] reasonable person could

---

[1] Plaintiff also filed a request to recuse at Docket 4.

[2] Due to the coronavirus pandemic, by Miscellaneous General Order 20-11, the District of Alaska imposed a stay on all civil matters for 30 days, effective March 30, 2020. The District of Alaska subsequently extended that stay until June 1, 2020. *See* Miscellaneous General Order 20-13. The undersigned judge, presiding in this matter, hereby lifts the stay in this case. *See* Miscellaneous General Order 20-13 at 5–6.

[3] Docket 12 at 1.

believe [the undersigned judge] is prejudiced against Donald A. Tangwall and must recuse herself."[4]

Under 28 U.S.C. § 455(a), a judge must recuse herself "if a reasonable person with knowledge of all the facts would conclude that [her] impartiality might reasonably be questioned."[5] A party seeking a judge's recusal bears the burden of proving facts that would justify recusal.[6] Actual bias is not required; "the appearance of impropriety can be a sufficient basis for judicial recusal."[7] And yet a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal [is] not appropriate."[8]

Although Plaintiff does not specify what was prejudicial about the findings against Mr. Tangwall, Plaintiff's motion appears to be based on a disagreement with the Court's rulings against Mr. Tangwall in other proceedings. However, such disagreement is not a valid basis for recusal; "[t]he alleged prejudice must result

---

[4] Docket 12 at 1.

[5] *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).

[6] *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

[7] *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014).

[8] *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010) (citing *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008)) .

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order re Motion to Recuse
Page 2 of 4
Case 4:20-cv-00005-SLG   Document 19   Filed 04/28/20   Page 2 of 4

from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."[9] As explained by the United States Supreme Court:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.[10]

Thus, given that it appears that the Court's prior rulings against Mr. Tangwall form the basis of Plaintiff's motion to recuse, Plaintiff's motion fails. Moreover, the undersigned judge has no personal bias or prejudice against either party to this

---

[9] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

[10] *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (emphasis in original).

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order re Motion to Recuse
Page 3 of 4
Case 4:20-cv-00005-SLG Document 19 Filed 04/28/20 Page 3 of 4

action. In light of the foregoing, Plaintiff's motion to recuse at Docket 12 is DENIED.

DATED this 28th day of April, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order re Motion to Recuse
Page 4 of 4
Case 4:20-cv-00005-SLG   Document 19   Filed 04/28/20   Page 4 of 4