# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HALIBUT TRUST,

        Plaintiff,

    v.

BEVERLY FLOERCHINGER,

        Defendant.

Case No. 4:20-cv-00005-SLG

## ORDER RE DEFENDANTّS MOTION TO DISMISS

Before the Court at Docket 7 is Defendant's Motion to Dismiss. Plaintiff responded in opposition at Docket 10. Defendant replied at Docket 13. Oral argument was not requested and was not necessary for the Court's decision.

## BACKGROUND

On January 28, 2020, Plaintiff Halibut Trust commenced this action, "by and through its Trustee Barry Donnellan," alleging that Defendant Beverly Floerchinger "misrepresents the status of Yukon by claiming her alter ego company, Yukon, is a title insurance company when in fact it is nothing more than an insurance agency."[1] Plaintiff seeks an unspecified amount of compensatory and punitive

---

[1] Docket 1 at 2, ¶ 21.

damages.² Plaintiff invokes diversity jurisdiction, alleging that "Plaintiff Halibut Trust is domiciled in the State of New York" and "Defendant is a citizen of Alaska."³

On February 28, 2020, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, failure to comply with a prescreening order, and lack of authority to appear as a representative of an entity.⁴

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for "lack of subject-matter jurisdiction." When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proof of establishing jurisdiction in order to survive the motion.⁵

## DISCUSSION

The Court considers first the threshold question of whether it has subject matter jurisdiction over the instant case.⁶ In its complaint, Plaintiff alleges that the

---

² Docket 1 at 2, ¶¶ 15–16.

³ Docket 1 at 1, ¶ 1.

⁴ Docket 7.

⁵ *See Bishop Paiute Tribe v. Inyo Cty.,* 863 F.3d 1144, 1151 (9th Cir. 2017) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. Dismissal for lack of jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." (citation omitted) (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008)); *see also Oertwich v. Traditional Vill. of Togiak,* 413 F. Supp. 3d 963, 966–67 (D. Alaska 2019).

⁶ *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 2 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 2 of 10

Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant is a citizen of Alaska and Plaintiff Halibut Trust is domiciled in New York.[7] Defendant challenges Plaintiff's allegations of jurisdiction, contending that "complete diversity is lacking" because Plaintiff is also a citizen of Alaska.[8] Specifically, Defendant contends that a trust has the citizenship of its trustee or trustees, and emphasizes that Plaintiff's trustee, Mr. Donnellan, is a citizen of Alaska and that there is thus no diversity.[9] Defendant adds that Plaintiff's complaint "is silent as to damages" and does not establish that the amount in controversy exceeds $75,000, as required for diversity jurisdiction.[10] In its opposition to Defendant's motion to dismiss, Plaintiff responds that Halibut Trust is "an express trust" that cannot be "analogized to business unincorporated association entities for purposes of diversity jurisdiction."[11] In an affidavit accompanying Plaintiff's opposition, Donald Tangwall represents that he is a member of the Board of Trustees and contends that the "Halibut Trust is an express, irrevocable, non-self-settled and a pure trust," and is "an independent

---

[7] Docket 1 at 1, ¶ 1.

[8] Docket 7 at 11.

[9] Docket 7 at 11–12 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1230–31 (9th Cir. 2019)).

[10] Docket 7 at 12; *see* 28 U.S.C. § 1332(a).

[11] Docket 10 at 2, ¶ 4.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 3 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 3 of 10

legal entity" with five trustees.[12] Plaintiff contends that the question of jurisdiction is one of first impression and requests an opportunity to fully brief the issue.[13]

Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[14] "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state."[15] "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."[16]

Here, it is undisputed that Defendant is a citizen of Alaska and that the question of diversity turns on the citizenship of Plaintiff Halibut Trust. Defendant is correct that in *Johnson v. Columbia Properties Anchorage, LP*, the Ninth Circuit held that "a trust has the citizenship of its trustee or trustees," relying on the Supreme Court's opinion in *Navarro Savings Association v. Lee*.[17] However, ten

---

[12] Docket 10 at 3, ¶¶ 2–4.

[13] Docket 10 at 2, ¶ 5–6.

[14] 28 U.S.C. § 1332(a)(1).

[15] *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

[16] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[17] *Id.* (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)).

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 4 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 4 of 10

years after *Johnson* was decided, in its opinion in *Americold Realty Trust v. ConAgra Foods, Inc.*, the United States Supreme Court drew a distinction between traditional and non-traditional (or business) trusts for determining citizenship.[18]

The Court acknowledged confusion among the Circuits regarding the citizenship of trusts for diversity purposes.[19] It reiterated that its decision in *Navarro*—cited in *Johnson* (and elsewhere) for the proposition that a trust possesses the citizenship of its trustees alone[20]—had "nothing to do with the citizenship of [a] 'trust'"[21] and was, instead, reaffirming a "separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs."[22] The Court posited that the confusion about trusts arises from widespread use of the term, noting that "[m]any states . . . have applied the 'trust' label to a variety of unincorporated entities that have little in common with [a traditional trust]."[23] The Court explained that a traditional trust "was not considered

---

[18] 136 S. Ct. 1012, 1016–17 (2016) ("For a traditional trust . . . there is no need to determine its membership, as would be true if the trust, as an entity, were sued. . . . We . . . decline to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name.").

[19] *Id.* at 1016.

[20] *See Johnson*, 437 F.3d at 899.

[21] *Americold Realty Tr.*, 136 S. Ct. at 1016 (alteration in original) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–93 (1990)).

[22] *Id*. (emphasis in original) (citing *Navarro Savings Assn.*, 446 U.S. at 465).

[23] *Id*.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 5 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 5 of 10

a distinct legal entity, but a 'fiduciary relationship' between multiple people," which "was not a thing that could be haled into court," and that "legal proceedings involving a trust were brought by or against the trustees in their own name."[24] As such, for a traditional trust, "there is no need to determine its membership, as would be true if the trust, as an entity, were sued."[25] The Court explained that, in contrast, where the trust is a separate legal entity that can sue or be sued, "[s]o long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possess the citizenship of all its members."[26] The Court emphasized that "neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust" and "decline[d] to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name."[27]

The Ninth Circuit addressed the effect of *Americold* on *Johnson* in its recent decision in *Demarest v. HSBC Bank USA, N.A.*, concluding that "*Americold* might have somewhat complicated how we should ascertain the citizenship of a trust, but it upset neither *Navarro* nor our precedent in cases where, as here, the trustee of

---

[24] *Id.* at 1016.

[25] *Id.*

[26] *Id.* (quoting *Carden*, 494 U.S. at 195).

[27] *Id.* at 1016–17.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 6 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 6 of 10

a traditional trust is sued in its own name."[28]  However, the Ninth Circuit recognized "a potential tension between [its] precedent in *Johnson*—'[a] trust has the citizenship of its trustee or trustees,'—and *Americold*, where the Supreme Court ultimately concluded that the citizenship of other, nontraditional trusts . . . should be determined based on their members, not their trustees."[29]

Although Defendants contend that Halibut Trust is a traditional trust, Plaintiff alleges that the trust is "an independent legal entity,"[30] in which case, under *Americold*, it has the citizenship of each of its members.[31]  However, Plaintiff has not provided any information about its members.  The limited record before the Court, which includes only a heavily redacted version of the trust instrument,[32] is insufficient to confirm the nature of the trust or the citizenship of each of its members.  Therefore, on the existing record, the Court finds that Plaintiff has failed to meet its burden of proof for establishing jurisdiction.  Moreover, as Defendant notes, Plaintiff does not allege an amount of damages; "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the [plaintiff]

---

[28] 920 F.3d 1223, 1231 (9th Cir. 2019) (affirming district court's exercise of diversity jurisdiction).

[29] *Id.* 1229 (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

[30] Docket 10 at 3, ¶ 2.

[31] *See Americold Realty Tr.*, 136 S. Ct. at 1016.

[32] *See* Docket 10 at 5–13.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 7 of 10

must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."[33] For this additional reason, the Court finds that Plaintiff has failed to satisfy its burden of proof on jurisdiction.

The Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction without prejudice and with leave to amend;[34] should Plaintiff amend its complaint, the Court instructs it to include a list of each of Halibut Trust's members and their respective states of citizenship along with a copy of the unredacted trust instrument. In addition, the amended complaint must plausibly allege facts supporting an amount in controversy that exceeds $75,000.

Moreover, the Court directs Plaintiff to obtain counsel; Plaintiff is being unlawfully represented by a retired attorney, Mr. Donnellan.[35] The Ninth Circuit has explained that "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an

---

[33] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

[34] Defendant also moves to dismiss the complaint on the basis that Plaintiff has failed to comply with this Court's pre-screening order. Docket 7 at 1. *See also Tangwall v. Bankruptcy Tr. Larry Compton*, No. 4:18-cv-00007-SLG, Docket 31 (Oct. 3, 2018 Vexatious Litigant Order). Because the Court will dismiss the complaint for lack of subject matter jurisdiction, it need not reach this issue here.

[35] Defendant contends that Mr. Donnellan, acting on behalf of Halibut Trust as its trustee, is "not actively licensed to practice law and therefore cannot represent a trust before this Court." Docket 7 at 6. In support of this assertion, Defendant filed with this Court the Alaska Bar Association's entry on Mr. Donnellan indicating that he is retired. Docket 7-5. Plaintiff does not dispute that Mr. Donnellan is not a licensed attorney. *See generally* Docket 10.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 8 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 8 of 10

attorney for others than himself."[36] Although Plaintiff contends that the trust's governing instrument authorizes the Board of Trustees to litigate pro se, trust documents cannot grant Mr. Donnellan this right. The trustee is "not the actual beneficial owner of the claims being asserted by the Trusts" and therefore "cannot be viewed as a 'party' conducting his 'own case personally.'"[37] For this reason, the Ninth Circuit has held that a trustee "may not claim that his status as trustee includes the right to present arguments *pro se* in federal court."[38] And although Plaintiff contends that the "trustees in the Halibut Trust are distinguishable from the corporate trustees" in *C.E. Pope Equity Trust* who "cannot represent their interests pro se,"[39] this is a distinction without a difference. The Ninth Circuit did not limit its holding in *C.E. Pope Equity Trust* to corporate trustees and its rationale—that the trustee is not the beneficiary of the claims of the Trust and

---

[36] *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (citations omitted) (affirming district court's dismissal of two cases where a non-lawyer trustee sought to represent a trust).

[37] *Id.* at 697 (emphasis omitted) (quoting 28 U.S.C. § 1654).

[38] *Id* at 698. The Ninth Circuit added:

> The reciprocal relation between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

*Id.*

[39] Docket 10 at 3, ¶ 3.

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 9 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 9 of 10

cannot be viewed as a party conducting his own case—is equally applicable to an individual trustee.

## CONCLUSION

In light of the foregoing, **IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Dismiss at Docket 7 is GRANTED and the complaint at Docket 1 is DISMISSED without prejudice.

2. A licensed attorney must file an appearance on behalf of Plaintiff **within 28 days** of the date of this order; otherwise, the Court will dismiss this action with prejudice without further notice to Plaintiff.

3. In addition, Plaintiff must file an amended complaint that demonstrates that the Court has subject matter jurisdiction, as explained in this order, **within 28 days** of the date of this order, otherwise the Court will dismiss this action with prejudice without further notice to Plaintiff.

DATED this 13th day of May, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:20-cv-00005-SLG, *Halibut Trust v. Floerchinger*
Order Re Motion to Dismiss
Page 10 of 10
Case 4:20-cv-00005-SLG   Document 21   Filed 05/13/20   Page 10 of 10